[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPEAL FROM DECISION OF FAMILY MAGISTRATE
The plaintiff-respondent appeals to this court from the finding and orders issued by the family support magistrate,Trombley, dated February 24, 1998. The court heard arguments on the appeal on July 13, 1998. The plaintiff-respondent filed a notice of appeal on March 31, 1998 and the defendant-petitioner waived any claim that the appeal was not timely filed. The magistrate set forth the tortured history of the post judgment proceedings between these parties before addressing the issues presented. Transcript February 3, 1998, pp. 1-6. Both parties agreed to this history. Id., p. 6. The principle issue before the support magistrate was the determination of the amount of the arrearage due the defendant-petitioner post judgment on various orders of support. On February 3, 1998 the support magistrate found the total support obligation to be $16,106 from May 30, 1994 through January 31, 1998. Id., p. 33. The hearing CT Page 9416 was then continued to February 24, 1998 for the purpose of determining the amounts paid by the plaintiff respondent so that an arrearage could be determined. Id., p. 49.
On February 24, 1998 the parties agreed that the arrearage due as of February 23, 1998 was $1,766. Transcript, February 24, 1998, p. 3. The issue to which the parties remained in dispute was the time frame in which this amount would be paid. Id., p. 3. The plaintiff-respondent sought an order of payment on the arrearage of $21 per week while the defendant-petitioner sought full payment that day. Id., p. 4. The court after due inquiry into the financial status of the plaintiff respondent ordered that the amount be paid by April 7, 1998. Id., pp. 5-11.
The plaintiff-respondent now seeks to challenge on appeal the arrearage calculation done by the court, in his presence, after having been given the opportunity to comment and after having agreed to the calculated amount. This claim is frivolous. As to the terms of payment of the arrearage the plaintiff-respondent stated in his memorandum that on or before March 31, 1998 he paid the arrearage. Plaintiff-respondent's Memorandum of Law, July 7, 1998, p. 5. This claim therefore is moot.
The court will not address the numerous historical wrongs that the plaintiff-respondent alleges in his memorandum as those issues were not issues before the magistrate and therefore not properly before this court on appeal.
The court finds no error.
Zarella, J.